UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| VALERIE G. GILES, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Docket No. 06-28-B-W |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| *Defendant* | ) | |

## REPORT AND RECOMMENDED DECISION[1]

This Supplemental Security Income ("SSI") appeal raises the issue whether substantial evidence supports the commissioner's determination that the plaintiff, who alleges disability stemming from discogenic disorder, status post coccyx fracture, depression and anxiety, is capable of returning to her past relevant work or making an adjustment to work existing in significant numbers in the national economy. I recommend that the decision of the commissioner be affirmed.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the medical evidence established that the plaintiff had a discogenic back disorder and was status post coccyx fracture, impairments that were severe but did

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on September 22, 2006, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority and page references to the administrative record.

not meet or equal the criteria of any impairments listed in Appendix 1 to Subpart P, 20 C.F.R. § 404 (the "Listings"), Finding 2, Record at 19; that she lacked the residual functional capacity ("RFC") to lift and carry more than twenty pounds on an occasional basis or more than ten pounds on a regular basis, with her capacity for the full range of light work diminished insofar as she could only occasionally stoop and crouch and had to avoid walking on uneven surfaces, Findings 4 & 6, *id.* at 20; that her past work as a personal care attendant ("PCA"), as she performed it and as generally performed in the national economy, did not require her to perform duties beyond her current RFC, Finding 10, *id.*; that, based on an exertional capacity for light work plus her age ("younger individual"), educational background (high school) and work experience (semi-skilled and unskilled), Rule 202.21 of Table 2, Appendix 2 to Subpart P, 20 C.F.R. § 404 (the "Grid") would direct a conclusion of not disabled, Findings 7-9 & 11, *id.*; that her capacity for light work was not significantly compromised, and a finding of "not disabled" still could be reached within the framework of the above-cited rule, Finding 12, *id.*; and that she therefore had not been under a disability at any time through the date of decision, Finding 13, *id.* The Appeals Council declined to review the decision, *id.* at 5-7, making it the final determination of the commissioner, 20 C.F.R. § 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential process but went on to make an alternative finding at Step 5. At Step 4, the claimant bears the burden of proof of inability to return to past relevant work. 20 C.F.R. § 416.920(e); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. § 416.920(e); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

At Step 5 the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual work capacity to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff asserts that the administrative law judge erred, at Step 4, in determining that she could return to her past relevant work as a PCA and, at Step 5, in giving short shrift to her claimed anxiety, depression and fatigue. *See generally* Statement of Specific Errors ("Statement of Errors") (Docket No. 6). I find no reversible error at Step 4. Accordingly I need not, and do not, consider the plaintiff's point of error concerning the alternative Step 5 ruling.[2]

## I. Discussion

The plaintiff assails the administrative law judge's Step 4 finding that she could return to her past relevant work as a PCA, pointing out that although the vocational expert testified that she could indeed do so, the Dictionary of Occupational Titles suggests that the job is performed at a medium

---

[2] The plaintiff did not argue, either in her Statement of Errors or via counsel at oral argument, that the administrative law judge's asserted errors in arriving at her RFC affected his Step 4 finding. Her Statement of Errors suggests that this is a Step 5 issue. *See, e.g.,* Statement of Errors at 5 ("Insofar as the transcript shows that the ALJ proceeded to Step 5 of the sequential evaluation process, *(continued on next page)*

exertional level – exceeding her work capacity even as found by the administrative law judge. *See id.* at 1-3; *compare* Record at 237 (vocational-expert testimony describing job of PCA as light) *with* Dictionary of Occupational Titles (U.S. Dep't of Labor, 4th ed. rev. 1991) ("DOT") § 354.377-014 (describing job of "home attendant" or "home health aide" as medium work, entailing, *inter alia*, exerting twenty to fifty pounds of force occasionally and/or ten to twenty-five pounds of force frequently).

This argument implicates Social Security Ruling 00-4p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2004) ("SSR 00-4p"), which provides, in relevant part:

> In making disability determinations, we rely primarily on the DOT (including its companion publication, the SCO) for information about the requirements of work in the national economy. . . . Occupational evidence provided by a VE [vocational expert] or VS [vocational specialist] generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

SSR 00-4p at 244; *see also, e.g., Anschutz v. Barnhart*, 212 F. Supp.2d 1077, 1085 (S.D. Iowa 2002) (in case in which vocational expert testified that his information derived from census codes and he assumed jobs also would be reflected in DOT, "[b]ecause he did not refer to the DOT, [he] did not identify specific jobs which could be performed given the residual functional capacity found by the ALJ at step 5 of the sequential evaluation").

There is indeed an unidentified (and, hence, unresolved) conflict between the exertional demands of the job of PCA as described by the vocational expert and as reported in the DOT. The administrative law judge neglected to make the inquiry required by SSR 00-4p. *See* Record at 237-41. However, in this instance, the error proves harmless. The administrative law judge found that the

---

the plaintiff submits that [the] ALJ did not adequately consider the plaintiff's anxiety, depression, and fatigue.") (citation omitted).

plaintiff could return not only to PCA work as it is generally performed in the national economy but also as she performed it. *See* Finding 10, *id*. at 20; *see also, e.g., Santiago v. Secretary of Health & Human Servs*., 944 F.2d 1, 5 & n.1 (1st Cir. 1991) (to be deemed capable of returning to past relevant work, a claimant must retain the RFC to perform either "the actual functional demands and job duties of a particular past relevant job" or, "when the demands of the particular job which claimant performed in the past cannot be met, . . . the functional demands of that occupation as customarily required in the national economy") (citations and internal quotation marks omitted).

The PCA job, as the plaintiff indicates she performed it, entailed less than a full light-work capacity, and thus could be performed by a person with the essentially light-level RFC found by the administrative law judge. *Compare* Findings 4 & 6, Record at 20 (plaintiff lacked RFC to lift and carry more than twenty pounds on an occasional basis or more than ten pounds on a regular basis, could only occasionally stoop and crouch and had to avoid walking on uneven surfaces) *with id*. at 76 (plaintiff described PCA job as entailing walking for one hour, standing for one hour, stooping for half an hour, never crouching, lifting up to twenty pounds and lifting less than ten pounds frequently), 90 (plaintiff described PCA job as entailing walking for one to two hours, standing for one to two hours, sitting for half an hour, stooping for half an hour, kneeling for ten to twenty minutes, never crouching, lifting up to twenty pounds and lifting less than ten pounds frequently).[3]

---

[3] The plaintiff worked as a PCA from approximately 1999 through the summer of 2004, *see* Record 66-67, 222-24; however, the administrative law judge found that PCA work performed subsequent to her alleged onset date of April 11, 2003 was not substantial gainful activity ("SGA"), *see id*. at 17. At oral argument, counsel for the plaintiff suggested that the plaintiff's PCA duties became light-exertional-level only subsequent to her alleged onset date, arguing that work that is not SGA cannot be considered "past relevant work." Nonetheless, the descriptions of the PCA job set forth above were supplied by the plaintiff upon filing of her application on April 11, 2003. *See id*. at 76, 83, 90. From all that appears, the plaintiff was describing her performance of that job prior to her alleged onset date, which entailed taking clients shopping and to appointments, doing dishes and laundry, sweeping and mopping floors and lifting nothing heavy – only a small load of laundry or some groceries. *See id*. at 90; *see also, e.g., id*. at 226-27 (testimony of plaintiff that her PCA work usually did not entail lifting or moving patients but "was more or less just taking them grocery shopping, washing the floor, doing dishes"; eventually, she could no longer do the dishes, laundry or mopping).

Accordingly, for purposes of Step 4 analysis, the administrative law judge's error in failing to identify and resolve a conflict between the vocational-expert testimony concerning the PCA job as performed in the national economy and the DOT description of the same is harmless.

## II.  Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 29th day of September, 2006.

/s/ David M. Cohen  
David M. Cohen  
United States Magistrate Judge